IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MADISON LOVELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00540 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LISA FERGUSON, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*David Madison Lovell, Pro Se Plaintiff.*

The plaintiff, David Madison Lovell, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials wrongfully required him to consent to a copayment to obtain his prescribed medication. After review of the Complaint, I conclude that the action must be summarily dismissed.

Lovell states that he is confined at the New River Valley Regional Jail (NRVRJ). His factual allegations are sparse: "I tried to refuse sig[n]ing the co pay for my meds because I was a DOC inmate and was told I would be denied my meds if I didn't sig[n]." Compl. 2, ECF No. 1. Lovell's Complaint names as defendants Lisa Ferguson and Kimberley Haug. As relief, he seeks a transfer to "a facility that I will be treated properly by medical staff." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Objectively, a medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation omitted). To prove deliberate indifference, Lovell must show that, subjectively, the defendant prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Alleged negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan are not enough to support a finding of deliberate indifference. *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

An inmate has no constitutional right to free medical care. *Boblett v. Angelone*, 942 F. Supp. 251, 254 (W.D. Va. 1996), *aff'd*, 121 F.3d 697 (4th Cir. 1997). The allocation of such expenses is a matter of state law. *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983) ("Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him."). Accordingly, charging an inmate a reasonable copay for requested medical care does not violate the Constitution, where officials do not deny him medically necessary care for serious medical needs based on his lack of funds. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

Under these principles, Lovell's Complaint fails to state any claim against the defendants. He names two individuals as defendants — Lisa Ferguson and Kimberley Haug. But he does not describe any action that either of these individuals took (or failed to take) in violation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and

alteration omitted). Indeed, the individual's names are mentioned only in the heading of the case and not at all in the description of Lovell's claims. He does not show how either of them knew of a serious medical need Lovell had that they disregarded.

Indeed, Lovell's Complaint also fails to state facts showing that anyone has deprived him of constitutionally protected rights. He does not demonstrate that the condition for which he sought medication was a serious one, was diagnosed as requiring medication, or that lack of that medication posed an excessive risk to his health or safety. Moreover, Lovell's allegations do not suggest that anyone did or even threatened to deny him medication based on his inability to pay the required copayment. Rather, his Complaint indicates that he was told by some unspecified person that he would not get his medication only if he refused to "sig[n] the copay." Compl. 2, ECF No. 1. I construe this phrase as indicating a promise to pay in the future, not an immediate requirement for payment. And an inmate has no constitutional right not to be required to bear some financial responsibility for his medical care, if and when he has resources to do so. *Poole*, 703 F.3d at 1027.

Finally, Lovell apparently believes that since he is designated to be housed at a Virginia Department of Corrections (VDOC) prison facility at some point in the future, he should have the same medication charges as a VDOC inmate even while he is still confined at the NRVRJ. He is mistaken. Inmates have no constitutional

right to be housed in any particular jail or prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). They also have no constitutional right to the same conditions that apply to inmates confined at a different prison facility. *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989) (finding no equal protection violation where inmates sentenced in the District of Columbia and housed in federal prisons could not earn good time credit at the same rate as those District of Columbia sentenced inmates housed in District of Columbia prisons).

For the stated reasons, I will dismiss this civil action without prejudice pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED: January 27, 2023

/s/  JAMES P. JONES
Senior United States District Judge